1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ELSA DIAZ REYES,

CASE NO. C20-0377JLR

11

Petitioner,

ORDER ADOPTING IN PART
AND MODIFYING IN PART
REPORT AND
RECOMMENDATION

v.

12

CHAD WOLF, et al.,

13

Respondents.

14

15

## I.    INTRODUCTION

16

This matter comes before the court on the Report and Recommendation of United

17

States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 16)) and the objections thereto

18

filed by the Government respondents (Gov't Obj. (Dkt. # 17)) and by Petitioner Elsa Diaz

19

Reyes (Reyes Obj. (Dkt. # 18)).  Magistrate Judge Theiler recommends to the court that it

20

deny the Government's motion to dismiss Ms. Reyes's 28 U.S.C. § 2241 immigration

21

habeas petition, grant Ms. Reyes's habeas petition, and order the Government to provide

22

Ms. Reyes a bond hearing.  (R&R at 1.)  Ms. Reyes filed a response to the Government's

objection (Reyes Resp. (Dkt. # 19)) and a notice regarding the status of her removal proceedings before the Ninth Circuit Court of Appeals (Reyes Notice (Dkt. # 20)).  The Government did not respond to Ms. Reyes's objections.  (*See generally* Dkt.)  Having carefully reviewed the foregoing documents, the balance of the record, and the applicable law, the court ADOPTS the Report and Recommendation as modified.

## II.   BACKGROUND

Because the Report and Recommendation sets forth the detailed factual and procedural background of this case (*see* R&R at 2-4), the court does not repeat it here. Since the Report and Recommendation was filed, however, the Ninth Circuit issued its decision granting in part, denying in part, and dismissing in part Ms. Reyes's *pro se* petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") decision denying her application for relief under the Convention Against Torture ("CAT").  (*See* Reyes Notice.)  The Ninth Circuit affirmed the BIA's conclusion that Ms. Reyes had failed to show that it was more likely than not that she would be tortured by family members or former guerillas if she returned to El Salvador.  *Diaz-Reyes v. Barr*, No. 19-70955, 2020 WL 6375732, at *1 (9th Cir. Oct. 26, 2020).  The Ninth Circuit also held, however, that the BIA "failed to analyze [Ms. Reyes's] claims that she fears future torture by Jaime Magana and by the father of her children, Heriberto Coria Cerdo."  *Id.*  The Ninth Circuit stayed Ms. Reyes's removal and remanded the matter to the BIA to consider the likelihood of torture by Mr. Magana and Mr. Coria Cerdo and whether procedural safeguards for Ms. Reyes are necessary in light of the mental health issues she outlined in her reply brief.  *Id.*

1

### III.   ANALYSIS

2          In their objections, both Ms. Reyes and the Government argue that Magistrate

3   Judge Theiler applied the incorrect test when determining that Ms. Reyes was entitled to

4   a bond hearing.  (*See* Reyes Obj. at 1-5; Gov't Obj. at 2-3.)  The Government also objects

5   to Magistrate Judge Theiler's consideration of two the factors she applied in her analysis

6   as incomplete and to her determination that the Government bears the burden to prove at

7   Ms. Reyes's bond hearing that Ms. Reyes is dangerous or a flight risk.  (*See* Gov't Obj. at

8   3-7.)  The court begins by reviewing Magistrate Judge Theiler's recommendation

9   regarding the test that the court should apply when evaluating whether Ms. Reyes is

10   entitled to a bond hearing.  The court then turns to the Government's objections regarding

11   Magistrate Judge Theiler's consideration and weighing of the applicable factors and her

12   recommendation regarding the burden of proof at the bond hearing.

13   **A.     Standard of review**

14          A district court has jurisdiction to review a magistrate judge's report and

15   recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge

16   must determine de novo any part of the magistrate judge's disposition that has been

17   properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole

18   or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

19   § 636(b)(1).  The court reviews de novo those portions of the report and recommendation

20   to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d

21   1114, 1121 (9th Cir. 2003) (*en banc*).

22

**B.     The test for determining whether Ms. Reyes's detention violates the Due Process Clause**

Ms. Reyes generally agrees with the Report and Recommendation.  (Reyes Obj. at 1.)  She objects, however, to the Magistrate Judge's conclusion that the court should apply the eight-factor test outlined in *Martinez v. Clark*, No. C18-1669RAJ-MAT, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019), *adopted by* No. C18-1669RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019), to determine whether the Due Process Clause entitles her to a bond hearing.  (*See* Reyes Obj. at 2-5.)  Specifically, Ms. Reyes objects to Magistrate Judge Theiler's inclusion of two of the *Martinez* factors in her analysis:  the length of time Ms. Reyes spent in prison for the crime that made her removable and the nature of the crimes Ms. Reyes committed.[1]  (*Id.*)  She contends that these two factors are not relevant to determining whether the procedural protections of a bond hearing apply in the first instance and should be considered only at the bond hearing itself.  (*Id.* at 2.)  She asks the court to apply instead the six-factor test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019), which omits any consideration of the detainee's criminal history and sentence.  (Reyes Obj. at 2.)

The Government did not respond to Ms. Reyes's objection.  In its own objections, however, the Government argues that Magistrate Judge Theiler should have employed the

---

[1] The complete set of *Martinez* factors includes "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal."  *Martinez*, 2019 WL 5968089, at *9.

1    three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) rather than the

2    eight-part *Martinez* test.[2]  (Gov't Obj. at 1-2.)  Alternatively, the Government argues that

3    Magistrate Judge Theiler should have considered an additional factor informed by

4    *Mathews* in applying the *Martinez* test:  the Government's burden in providing a bond

5    hearing.  (Gov't Obj. at 2-3.)

6         The parties presented thorough argument in their briefing on the Government's

7    motion to dismiss regarding the test the court should apply and the factors the court

8    should consider.  (*See* Gov't Mot. to Dismiss (Dkt. # 8) at 4-6; Reyes Resp. to Mot. to

9    Dismiss (Dkt. # 10) at 2-6.)  The parties' objections fail to raise any novel issues that

10   were not addressed in their prior briefing or by Magistrate Judge Theiler's Report and

11   Recommendation.  The court has thoroughly examined the record and the cited law and is

12   persuaded by Magistrate Judge Theiler's explanation of why she recommends that the

13   court apply the eight-factor *Martinez* test rather than the *Banda* or *Mathews* tests, and

14   why she rejected the Government's proposal to add a factor that considers the

15   Government's burden in providing a bond hearing.  (*See* R&R at 7-11.)  Because the

16   parties merely repeat the arguments that they made to Magistrate Judge Theiler, the court

17   rejects those arguments for the same reasons Magistrate Judge Theiler rejects them in her

18   Report and Recommendation.  The court therefore overrules the parties' objections and

19   ADOPTS Magistrate Judge Theiler's conclusion that the court should apply the

20

21        [2] The *Mathews* test requires considering (1) the private interest affected, (2) the
22   government's interest, and (3) the value added by additional or substitute procedural safeguards
     in the situation before the court.  *Mathews*, 424 U.S. at 334.

1    eight-factor *Martinez* test in evaluating Ms. Reyes's entitlement to a bond hearing (*see*

2    R&R at 7-11).

3         **C.    Evaluation of the *Martinez* factors**

4         The Government objects that Magistrate Judge Theiler's consideration of two of

5    the *Martinez* factors—the likelihood that removal proceedings will result in a final order

6    of removal and the delays in the removal proceedings attributable to Ms. Reyes—was

7    incomplete.  (Gov't Obj. at 3-6.)  In addition, the court notes that the passage of time

8    since Magistrate Judge Theiler issued her Report and Recommendation has affected the

9    court's analysis of two additional factors:  the length of Ms. Reyes's detention to date and

10   the likely duration of future detention.[3]  The court's review of these four factors is

11   informed by the Ninth Circuit's recent decision granting in part Ms. Reyes's petition for

12   review of the denial of her application for relief under the CAT.  *Diaz-Reyes*, 2020 WL

13   6375732, at *1.

14        **1.    Likelihood that removal proceedings will result in a final order of
             removal**

15

16        The "likelihood of removal" inquiry focuses on whether the "noncitizen has

17   asserted a good faith challenge to removal."  *Martinez*, 2019 WL 5968089, at *10.

18   Magistrate Judge Theiler declined to weigh in on the merits of Ms. Reyes's appeal to the

19

20        [3] The court finds that Magistrate Judge Theiler's analysis of the remaining *Martinez*
     factors—Ms. Reyes's criminal sentence, the nature of her crime, the conditions of detention, and
21   delays in the removal proceedings attributable to the Government—are unaffected by subsequent
     events and are unchallenged by the parties.  (*See* R&R at 12-14.)  The court therefore ADOPTS
22   those portions of the Report and Recommendation and considers them in its weighing of the
     *Martinez* factors below.

Ninth Circuit. (R&R at 16.) Nevertheless, she concluded that this factor weighed

slightly in Ms. Reyes's favor because the Ninth Circuit had granted Ms. Reyes a stay of

removal pending the resolution of her appeal of the BIA's decision denying her CAT

relief, thus demonstrating that Ms. Reyes's challenge to her removal was in good faith.

(*Id.*) The Government objects that this "cursory analysis" is insufficient, and that instead

the court should "consider whether the noncitizen's continued pursuit of relief from

removal is likely to be successful on the merits." (Gov't Obj. at 3-4.)

In support of its argument, the Government cites *Martinez*, 2019 WL 5968089 at

*10, in which the court stated that it did "not have sufficient information to determine

whether the appeal is nonfrivolous or whether petitioner ultimately will prevail" and

therefore concluded that the factor did not weigh in favor of either party. (Gov't Obj. at

4.) The Government also emphasizes that the Ninth Circuit's review of a petition is

deferential to the Government. (*Id.*) For these reasons, the Government argues, it is

likely that the Ninth Circuit proceedings would conclude in a final order of removal.

(*Id.*)

Since the Report and Recommendation was filed, however, the Ninth Circuit

granted in part Ms. Reyes's petition for review. *Diaz-Reyes*, 2020 WL 6375732, at *1.

Because Ms. Reyes prevailed in part on her appeal to the Ninth Circuit, it is now

apparent—in contrast to *Martinez*—that Ms. Reyes's appeal was nonfrivolous and that

her challenge to her removal was in good faith. Although the court is unable to

determine on the record before it whether Ms. Reyes will ultimately prevail on her

application for CAT relief, the court finds that Ms. Reyes has now established that she

1   has legitimate, good faith defenses to removal.  Therefore, the court concludes that this

2   factor weighs in Ms. Reyes's favor.

3   ## 2.    Delays in the removal proceedings attributable to Ms. Reyes

4   In considering the nature and extent of any delays in the removal proceedings

5   attributable to Ms. Reyes, the court is mindful that Ms. Reyes "is entitled to raise

6   legitimate defenses to removal . . . and such challenges to [her] removal cannot

7   undermine [her] claim that detention has become unreasonable." *Martinez*, 2019 WL

8   5968089, at *10 (quoting *Liban M.J. v. Sec'y of Dept. of Homeland Security*, 367

9   F. Supp. 3d 959, 965 (D. Minn. 2019)).  This factor weighs against the noncitizen where

10  she "has 'substantially prolonged [her] stay by abusing the processes provided,'" but not

11  when she "simply made use of the statutorily permitted appeals process." *Hechavarria v.*

12  *Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 436

13  (2009)).

14  Magistrate Judge Theiler found that the primary dispute in this case regarding Ms.

15  Reyes's responsibility for delays in her removal proceedings arose from the stay of

16  proceedings in the Ninth Circuit that Ms. Reyes requested pending the adjudication of her

17  application for a T visa.  (R&R at 14-15.)  Magistrate Judge Theiler did not find that Ms.

18  Reyes's request for a stay was an abuse of the available processes.  (*Id.* at 15.)  Rather,

19  she concluded that even if the twelve-month delay in Ms. Reyes's removal proceedings

20  resulting from her request for a stay were attributed to Ms. Reyes, that delay would not

21  affect her entitlement to a bond hearing.  (*Id.*)  In weighing the *Martinez* factors,

22  Magistrate Judge Theiler determined that, even if the twelve-month delay arising from

ORDER - 8

Ms. Reyes's request for a stay were attributed to Ms. Reyes, there remained twelve

months of detention that could not be attributed to delays by Ms. Reyes. (*Id.* at 17.)

The Government objects that Magistrate Judge Theiler failed to account "for the

fact that Petitioner chose to pursue an appeal of the Immigration Judge's decision to the

Board of Immigration Appeals . . . which was not successful but served to lengthen her

proceedings before the agency and, consequently, her mandatory detention." (Gov't Obj.

at 5.) It contends that the decision to "take an unsuccessful administrative appeal to the

[BIA] was solely Petitioner's choice." (*Id.* at 6.) But Ms. Reyes was entitled to pursue in

good faith the processes available to her under the immigration laws, and the Ninth

Circuit ultimately granted in part her petition for review of the BIA's adverse decision.

*See Martinez*, 2019 WL 5968089, at *10; *Diaz-Reyes*, 2020 WL 6375732, at *1. The

court, therefore, agrees with Magistrate Judge Theiler that no more than twelve months of

delay can be attributed to Ms. Reyes. Assuming without deciding that Ms. Reyes is

responsible for twelve months of delay out of her 28-month detention (*see* below), the

court finds that this factor weighs only slightly in favor of the Government.

### 3.     Length of detention to date

The length of Ms. Reyes's detention is the most important factor in the court's

review of the *Martinez* test. *See Martinez*, 2019 WL 5968089, at *9; (*see also* R&R at 11

(citing cases)). As Magistrate Judge Theiler observed, courts have found that detention

periods of greater than six months, twelve months, and thirteen months weighed in favor

of granting a bond hearing. (*See* R&R at 11-12 (citing *Sajous v. Decker*, No. C18-2447,

2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018); *Liban M.J.*, 367 F. Supp. 3d at 963-

1  64; and *Martinez*, 2019 WL 5968089, at *9).)  Here, Ms. Reyes has been held in ICE

2  custody since July 19, 2018, or 28 months.[4]  The court finds, therefore, that this factor

3  weighs more heavily in Ms. Reyes's favor today than it did in Magistrate Judge Theiler's

4  analysis.

5        **4.**    **Likely duration of future detention**

6        Finally, the court "considers how long the detention is likely to continue absent

7  judicial intervention; in other words, the anticipated duration of all removal proceedings

8  including administrative and judicial appeals."  *Martinez*, 2019 WL 5968089, at *9.

9  When Magistrate Judge Theiler issued her Report and Recommendation, the Ninth

10  Circuit had recently lifted its stay of proceedings in Ms. Reyes's petition for review.

11  Magistrate Judge Theiler estimated, at that time, that it might take another nine to twelve

12  months for the Ninth Circuit to issue its decision.  The Ninth Circuit, however, issued its

13  decision granting in part Ms. Reyes's petition for review less than three months after

14  Magistrate Judge Theiler filed the Report and Recommendation.  The Ninth Circuit has

15  now remanded Ms. Reyes's case for further consideration by the BIA, *see Diaz-Reyes*,

16  2020 WL 6375732, at *1, and it is unclear how long subsequent proceedings before the

17  BIA will take.  Furthermore, as Ms. Reyes points out, if the BIA again denies relief

18  following remand, Ms. Reyes will be entitled to appeal that decision to the Ninth Circuit.

19  (*See* Resp. Notice at 1.)  Accordingly, the court finds that this factor weighs in Ms.

20

21        [4] As discussed above, even if twelve months of delay in her removal proceedings can be
attributed to Ms. Reyes, the result is that she has been in detention pending the completion of her
removal proceedings for sixteen months.  The court finds, based on the authorities above, that

22  sixteen months of detention weighs strongly in favor of Ms. Reyes.

1    Reyes's favor slightly more heavily than it did when Magistrate Judge Theiler filed the

2    Report and Recommendation.

3        **5.      Weighing the factors**

4        Following its de novo review of the record, the court finds that the following

5    *Martinez* factors weigh in favor of finding that Ms. Reyes's continued detention has

6    become unreasonable:  the length of her detention, which has surpassed 28 months and

7    thus strongly favors Ms. Reyes; the duration of her future detention, which is uncertain

8    but could be prolonged depending on the BIA's decision following remand; the

9    conditions of detention at the NWIPC (*see* R&R at 13-14); and the likelihood that

10   removal proceedings will result in a final order of removal.  The following factors weigh

11   in favor of finding that Ms. Reyes's detention is reasonable and does not violate due

12   process:  Ms. Reyes's conviction for a serious crime and a ten-year criminal sentence that

13   was far longer than her current detention (*see* R&R at 12 & 17 (noting that the weight of

14   these factors "is mitigated somewhat by the circumstances surrounding Petitioner's

15   participation in the crime and the sentencing judge's belief that the mandatory minimum

16   was overly harsh in her case")); the lack of delay by the Government; and a delay in

17   removal proceedings of up to twelve months attributable to Ms. Reyes.

18       Having considered the totality of these factors, the court finds that the factors

19   favoring Ms. Reyes weigh most heavily.  In particular, as discussed above, the length of

20   Ms. Reyes's detention and the likelihood that her removal proceedings will result in a

21   final order of removal bear greater weight today than they did when Magistrate Judge

22   Theiler filed the Report and Recommendation, while none of the factors favoring the

ORDER - 11

1    Government bear more weight today than they did before.  The court concludes that Ms.

2    Reyes's mandatory detention of 28 months has become unreasonable and is in violation

3    of her due process rights and that Ms. Reyes is, therefore, entitled to a bond hearing

4    before an IJ.

5        **D.    The Government's burden of proof at the bond hearing**

6            Finally, the Government objects to Magistrate Judge Theiler's conclusion that the

7    Government must provide clear and convincing evidence at Ms. Reyes's bond hearing

8    that she is dangerous or a flight risk to justify her continued detention.  (Gov't Obj. at

9    6-7; *see* R&R at 17-19.)  Magistrate Judge Theiler based her determination that the

10   Government bears the burden at the bond hearing on *Singh v. Holder*, 638 F.3d 1196,

11   1203-04 (9th Cir. 2011), in which the Ninth Circuit determined that constitutional due

12   process required the government to meet the clear and convincing burden of proof

13   standard.  (*See* R&R at 18-19.)  Although the Government relies in its objections on

14   *Jennings v. Rodriguez*, 138 S. Ct. 380 (2018), the Ninth Circuit has recently held that

15   *Jennings* does not invalidate *Singh*'s constitutional due process holding.  *Aleman*

16   *Gonzales v. Barr*, 955 F.3d 762, 781 (9th Cir. 2020) (rejecting the Government's reliance

17   on *Jennings* and reaffirming that the Government must justify an alien's continued

18   detention under by clear and convincing evidence).  (*See* R&R at 19.)  The court must

19   follow the Ninth Circuit's holdings in *Singh* and *Aleman Gonzales*.  Therefore, the court

20   overrules the Government's objection and ADOPTS Magistrate Judge Theiler's

21   conclusion that the Government must justify Ms. Reyes's continued detention by clear

22   and convincing evidence at her bond hearing (*see* R&R at 17-19).

1

## VI.    CONCLUSION

2          For the foregoing reasons, the court hereby ORDERS as follows:

3          (1)      The court ADOPTS the Report and Recommendation as modified above

4 with respect to the analysis and weighing of the *Martinez* factors;

5          (2)      The court DENIES the Government's motion to dismiss (Dkt. # 8);

6          (3)      The court GRANTS Ms. Reyes's habeas petition (Dkt. # 1);

7          (4)      Within 30 days of the date of this order, the Government shall release Ms.

8 Reyes on bond or reasonable conditions unless Ms. Reyes receives a bond hearing before

9 an immigration judge at which the Government justifies her continued detention by clear

10 and convincing evidence; and

11          (5)      The Clerk is directed to send copies of this order to the parties and to

12 Magistrate Judge Theiler.

13

14          Dated this 20th day of November, 2020.

15

16          _____

17          JAMES L. ROBART
           United States District Judge

18

19

20

21

22

ORDER - 13