UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELSA DIAZ REYES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CHAD WOLF, et al.,<br><br>　　　　　　Respondents. | CASE NO. C20-0377JLR<br><br>ORDER DENYING MOTION TO ENFORCE |

## I.  INTRODUCTION

Before the court is Petitioner Elsa Diaz Reyes's motion to enforce the court's grant of conditional writ of habeas corpus.  (Mot. (Dkt. ## 27 (sealed), 25 (redacted)); Reply (Dkt. # 37).)  Respondents (the "Government") oppose the motion.  (Resp. (Dkt. ## 35 (sealed), 34 (redacted).)  Having considered the motion, the parties' submissions

//

//

//

ORDER - 1

regarding the motion, the relevant portions of the record, and the applicable law,[1] the court DENIES Ms. Diaz's motion to enforce.

## II. BACKGROUND

Ms. Diaz is a citizen of El Salvador who has been in the custody of the Department of Homeland Security since July 18, 2018. (Pet. (Dkt. ## 4 (sealed), 1 (redacted)) at 4.) She filed a habeas petition on March 9, 2020. (*See id.*) On November 20, 2020, this court adopted Magistrate Judge Mary Alice Theiler's Report and Recommendation (R&R (Dkt. # 16)) and granted Ms. Diaz's petition (11/20/20 Order (Dkt. # 21) at 13). The court ordered that the Government release Ms. Diaz on bond or reasonable conditions "unless Ms. Diaz receives a bond hearing before an immigration judge at which the Government justifies her continued detention by clear and convincing evidence." (*Id.*) This court and Magistrate Judge Theiler previously set forth much of the background of this case. (*See* R&R at 3-4; 11/20/20 Order at 2.) Thus, the court will focus on the events that have occurred after the court adopted the Report and Recommendation.

On December 15, 2020, Ms. Diaz had a bond hearing before Immigration Judge Tammy L. Fitting at the Tacoma Immigration Court. (Mot. at 1; Resp. at 1; Bond Mem. (Dkt. # 39-1) at 1.) Immigration Judge Fitting found that the Government "met its burden to demonstrate that respondent is a danger and a flight risk" and denied Ms.

---

[1] Ms. Diaz requests oral argument. (*See* Mot. at 1.) But the court finds oral argument would not be helpful to the disposition of this motion and therefore declines to hold oral argument. *See* Local Rules W.D. Wash. LCR 7(b)(4).

1  Diaz's motion for custody redetermination.  (Bond Mem. at 4.)  On January 4, 2021, Ms.

2  Diaz filed an appeal of the denial with the Board of Immigration Appeals ("BIA").  (*See*

3  Maltese Decl. (Dkt. # 26) ¶ 8, Ex. E.)

4  On January 7, 2021, Ms. Diaz submitted the instant motion, arguing that the

5  immigration court "utterly failed to give effect to this [c]ourt's order" by not requiring the

6  Government to justify Ms. Diaz's detention by clear and convincing evidence.  (Mot. at

7  1.)  The Government responded on January 19, 2021.  (*See* Resp.)  The Government

8  contends that this court lacks jurisdiction to review the immigration court's

9  determination, and alternatively, that the bond hearing complied with the court's order

10  and due process requirements.  (*Id.* at 1.)

## III.  ANALYSIS

12  The Government contends that that this court lacks jurisdiction because (1) it is

13  precluded by statute and (2) Ms. Diaz has failed to exhaust her administrative remedies.

14  (Resp. at 2-9.)  The court concludes that while it has jurisdiction to hear this case, Ms.

15  Diaz has failed to exhaust her remedies.  Thus, the court DENIES Ms. Diaz's motion.

16  **A.  The Court Has Jurisdiction to Review the Bond Determination**

17  The Government first contends that this court does not have jurisdiction because

18  the immigration court's determinations with respect to custody are "discretionary

19  judgement[s] . . . not subject to judicial review."  (Resp. at 2 (citing 8 U.S.C. § 1226(e)).)

20  But the Government also concedes that the court may review a determination when the

21  petitioner "presents a colorable due process argument that [the Government] failed to

22  meet its evidentiary burden, and therefore, the bond determination is constitutionally

flawed." (*Id*. at 3 (citing *Martinez v. Clark*, No. C20-0780TSZ-MLP, 2020 WL 7344439 (W.D. Wash. Nov. 6, 2020)).) Because Ms. Diaz is alleging legal errors in the bond proceedings, the court finds that it has jurisdiction to review the bond determination. (*See* Mot. at 4 (alleging immigration court failed to correctly place the burden on Government); *see also Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1035 (W.D. Wash. 2019) (rejecting "the Government's position [] that the court's only job is to ensure that the immigration courts recite the correct legal standard").

**B.      Ms. Diaz Has Not Exhausted Her Administrative Remedies**

The Government also argues that Ms. Diaz has failed to exhaust her administrative remedies and has not demonstrated that prudential exhaustion requirements should be waived. (Resp. at 4.)[2] The court agrees.

"The Ninth Circuit distinguishes between constitutional claims that only an Article III court can resolve and issues with constitutional implications that may nonetheless be corrected by the BIA on appeal." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *1 (W.D. Wash. Nov. 7, 2019) (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)). If the claim is one that the BIA may resolve, then it is subject to prudential exhaustion requirements. *Rojas-Garcia*, 339 F.3d at 819; *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The court may waive these prudential

---

[2] The Government argues administrative exhaustion requirements mean that the court lacks jurisdiction. (Resp. at 2.) But the Government also recognizes that the administrative exhaustion requirements are prudential. (*Id.* at 7.) Only the latter is correct. *See Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) ("On habeas review . . . exhaustion is a prudential rather than jurisdictional requirement.")

exhaustion requirements if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 1981); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

Both parties agree that the court in *Aden* faced similar procedural circumstances. (Mot. at 12; Resp. at 5.) There, the petitioner argued that the immigration court had relied too heavily on his criminal history in evaluating whether he was a danger to society, and thus, the immigration court had not held the government to the clear and convincing standard that the district court had ordered. *Aden*, 2019 WL 5802013, at *2. The district court determined that prudential exhaustion requirements applied because the BIA could determine whether the evidence presented to the immigration court met the clear and convincing evidence standard on appeal. (*Id.*) Because the petitioner failed to demonstrate the exhaustion requirements should be waived, the court denied the motion. (*Id.* at *2-3. (citing *Laing*, 370 F.3d at 1000).)

Ms. Diaz contends that this case can be distinguished from *Aden* because unlike the petitioner there, she (1) argues that the immigration court ignored "precedent . . . dictating how an [immigration judge] must assess a past criminal conviction" and "evidence contextualizing Ms. Diaz's conviction" (Mot. at 9-10), and (2) has cited "authority for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive the exhaustion requirement" (*id.* at 12). The court addresses each in turn.

The court fails to see how Ms. Diaz's argument that the immigration court improperly assessed a past criminal conviction and failed to take into account evidence contextualizing the conviction distinguishes her case from *Aden*. There, petitioner argued the court relied too heavily on his past criminal convictions to the exclusion of other factors. *Aden*, 2019 WL 5802013, at *2. Ms. Diaz's argument is essentially the same—that the court improperly gave too much weight to her criminal conviction when finding the Government had met the clear and convincing standard. (*See* Mot. at 9.) Just as in *Aden*, the court finds that the BIA "is capable of re-assessing the evidence and determining whether the [G]overnment has carried its burden of demonstrating by clear and convincing evidence that [Ms. Diaz] is a current danger and must be detained." *Aden*, 2019 WL 5802013, at *2. Therefore, the court finds that prudential exhaustion requirements apply in Ms. Diaz's case.

The court also disagrees that Ms. Diaz's arguments regarding the irreparable harm of post-bond-hearing detention distinguish her case from *Aden* by demonstrating that a *Laing* factor applies. Her arguments are based on the indefinite timeframe of the BIA's review, alleged bias on the part of the BIA, and the BIA's inability to adjudicate constitutional issues. (Mot. at 10-11.) But, as with the petitioner in *Aden*, Ms. Diaz provides no binding authority suggesting that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived. (*See id.*); Aden, 2019 WL 5802013, at *3. The court in *Aden* addressed the substance of Ms. Diaz's arguments, concluding that petitioner sought the same remedy from the district court and the BIA, that the BIA's review is not sufficiently biased to implicate

futility, and that the BIA had the authority to rule on the petitioner's argument regarding the standard of review. *Aden*, 2019 WL 5802013, at *2-3. This court concludes that the same principles apply in this case, and Ms. Diaz has failed to demonstrate that any of the *Laing* factors militate against the requirement of prudential exhaustion.

The BIA is capable of correcting the error that Ms. Diaz alleges occurred in her bond hearing. Since Ms. Diaz has failed to demonstrate that prudential exhaustion requirements should be waived in this case, the court DENIES her motion to enforce the court's order.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Ms. Diaz's motion to enforce the court's grant of conditional writ of habeas corpus (Dkt. ## 27 (sealed), 25 (redacted)).

Dated this 19th day of February, 2021.

JAMES L. ROBART
United States District Judge